IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herbert McDowell, ) | C/A No. 2:14-4650-TMC-MGB |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Joseph McFadden, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Herbert McDowell ("Petitioner"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. This Petition is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without requiring the Respondent to file a return.

**I.    Factual and Procedural Background**

Petitioner indicates that he is serving a life sentence for murder and a twenty-year sentence for assault and battery with intent to kill. (ECF No. 1 at 1.) Petitioner states that he was convicted by a jury and sentenced in the Florence County General Sessions Court on October 28, 1988. (Id.) This is the third habeas corpus action filed by Petitioner in this court challenging the 1988 Florence County convictions and sentences. Petitioner's first § 2254 petition resulted in summary judgment in favor of the Respondent. See McDowell v. Warden, C/A No. 3:94-1975-CMC (D.S.C. Sept. 15, 1995). Petitioner appealed the denial of federal habeas relief to the United States Court of Appeals for the Fourth Circuit, which denied a certificate of probable cause to appeal and dismissed the

appeal on the reasoning of the district court.  See McDowell v. Warden, No. 95-7552, 1996 WL 24695 (4th Cir. Jan. 24, 1996).  Petitioner also filed a second § 2254 petition challenging the 1988 Florence County convictions and sentences, which the court dismissed without prejudice as a successive habeas petition.  See McDowell v. Harrison, C/A No. 3:00-464-MBS (D.S.C. Dec. 6, 2000) (dismissing habeas petition raising grounds associated with the alleged ineffective assistance of appellate counsel).  The instant Petition seeks to challenge Petitioner's 1988 convictions and sentences based on the alleged ineffective assistance of "initial PCR counsel."  (ECF No. 1 at 5.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When

a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The instant case should be summarily dismissed as a successive § 2254 petition. "[A]n individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also 28 U.S.C. § 2244(b). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. See Rodriguez v. Johnson, 104 F.3d 694, 697 n.1 (5th Cir. 1997); Davis v. McFadden, C/A No. 0:14-2662-RMG, 2014 WL 5305931, at *4 (D.S.C. Oct. 15, 2014) (adopting and incorporating Report and Recommendation). Thus, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit before this court may consider a second or successive § 2254 petition. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ("[B]efore the district court may

accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."); see also In re Williams, 330 F.3d 277 (4th Cir. 2003). In this case, the docket reflects that Petitioner filed a motion under § 2244 with the Fourth Circuit seeking an order authorizing the district court to consider a second or successive application for relief under § 2254. (ECF No. 4.) However, the Fourth Circuit denied Petitioner's motion in an order filed on January 6, 2015. (Id.; see also ECF No. 7.) As Petitioner has not received permission from the Fourth Circuit to file the instant Petition, it is subject to summary dismissal.

**III.    Conclusion**

Accordingly, the court recommends that the Petition for writ of habeas corpus be dismissed without prejudice and without requiring the Respondent to file a return.

April 24, 2015
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).