IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Herbert McDowell, | ) | |
| | ) | C/A No. 2:14-4650-TMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Herbert McDowell's ("McDowell") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 24, 2015, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report") recommending that the petition be dismissed without prejudice and without requiring Respondent to file a return. (ECF No. 16).[1] McDowell timely filed objections to the Report on May 22, 2015. (ECF No. 22).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

In her Report, the magistrate judge finds the petition successive and recommends that the court dismiss this action. In his objections, McDowell appears to argue that *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012), created a new rule of constitutional law retroactive on collateral review such that his successive § 2254 petition should not be dismissed. *See* 28 U.S.C. § 2244(b)(2)(A). However, federal courts have uniformly determined that *Martinez* did not establish a new rule of constitutional law. *See, e.g., Chavez v. Secretary*, 742 F.3d 940 (11th Cir. 2014); *Pagan-San Miguel v. United States,* 736 F.3d 44 (1st Cir. 2013); *Buenrostro v. United States,* 697 F.3d 1137 (9th Cir. 2012).

Moreover, the holding in *Martinez* also does not provide a means of equitably tolling McDowell's failure to comply with the one-year limitations period provided for § 2254 petitions. The holding in *Martinez* is inapplicable to the determination of untimeliness, but created only a narrow exception to procedural default. *See, e.g., Gordon v. Cartledge*, 2014 WL 4063194, C/A No. 8:10-2578 (D.S.C. Aug. 15, 2014). Additionally, the court notes that McDowell filed a motion under § 2244 with the Fourth Circuit Court of Appeals seeking an order authorizing a second or successive application for relief under § 2254, but the Fourth Circuit denied the motion on January 6, 2015. (ECF Nos. 4 and 7).

Therefore, the after thoroughly reviewing the Report and McDowell's objections, the court finds no reason to deviate from the Report's recommended disposition. Accordingly, the court adopts the Report and Recommendation (ECF No. 16) and this habeas petition is **DISMISSED** without prejudice and without requiring Respondent to file a return.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable

2

and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability

    **IT IS SO ORDERED.**

                                            s/Timothy M. Cain
                                            United States District Judge

June 2, 2015
Anderson, South Carolina